COURT OF APPEALS
DECISION
DATED AND FILED

February 26, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP2208-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2020CF553

IN COURT OF APPEALS
DISTRICT II

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

CORY JOSEPH BELONGER,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Sheboygan County: REBECCA L. PERSICK, Judge. *Affirmed*.

Before Neubauer, Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Cory Joseph Belonger appeals from a judgment, entered upon his pleas of no contest, convicting him of two counts of possession of child pornography.  Belonger argues that the circuit court erred in denying his motions to suppress statements made to law enforcement after he invoked his Fifth Amendment right to counsel during a custodial interrogation.[1]  We affirm.

¶2    The parties do not dispute the following material facts.  The State charged Belonger with one count of possession of child pornography, contrary to WIS. STAT. §§ 948.12(1m) and (3)(a) (2021-22).[2]  Subsequently, an Information adding twelve additional counts of possession of child pornography was filed.  Belonger filed a motion in the circuit court seeking to suppress statements made after he invoked his right to counsel.  He argued that any statements made by him were involuntary and in violation of his constitutional rights.  The court held an evidentiary hearing on the motion.

¶3    At the hearing, the detective who interviewed Belonger after his arrest for possession of child pornography testified.  The detective testified that Belonger waived his *Miranda*[3] rights and began answering the detective's questions.  When Belonger asked for an attorney, the detective told Belonger that he would stop talking to Belonger.  The detective stopped questioning.  When Belonger began to ask a question, the detective told Belonger that he could not speak to Belonger any further once he had requested an attorney.  He further

---

[1] *State v. Coerper*, 199 Wis. 2d 216, 222, 544 N.W.2d 423 (1996) (Fifth Amendment grants right to counsel during custodial interrogation.).

[2] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

testified that he told Belonger to be very clear if he still wanted to talk to him. When the detective offered to leave to give Belonger time to think about what he wanted to do, Belonger replied that he wanted to "retract" his invocation of the right to counsel. When the detective again reviewed Belonger's rights, Belonger stated, "I can stop at any point and get an attorney." With that understanding, Belonger agreed to speak to the detective, who then resumed questioning Belonger.

¶4 After considering the testimony offered at the motion hearing, as well as the briefs and arguments of the parties, the circuit court made an oral ruling denying Belonger's suppression motion. The court first found that Belonger "made an unambiguous invocation of his right to counsel" when he asked for an attorney during the interview. It determined that the detective's statements indicated that the detective also understood Belonger to be invoking his rights. As quoted by the court, the detective stated: "You can unsay you want an attorney if that's what you want, but you have to be very clear because at this point you've said you want an attorney. So I have to stop asking you any questions because I can't violate your rights."

¶5 The circuit court next turned to the two-part test for determining whether to suppress evidence under these circumstances. *See State v. Hambly*, 2008 WI 10, ¶13, 307 Wis. 2d 98, 745 N.W.2d 48, *citing Edwards v. Arizona*, 451 U.S. 477 (1981). Based on its review of the recorded interview, the court found that Belonger "clearly initiated" contact with the detective after Belonger invoked his right to counsel "by trying to say I do have one other one … " before the detective interrupted to prevent Belonger from incriminating himself after he had asked for an attorney. Finally, the court found that Belonger voluntarily, freely, knowingly, and intelligently waived his right to counsel. The court rejected as

being "taken completely out of context" Belonger's assertion that the detective had misrepresented his *Miranda* rights by telling him that if he requested counsel, questioning would stop because an attorney would not be immediately produced upon Belonger's invocation. In further support of its finding, the court cited to portions of the exchange between Belonger and the detective after Belonger indicated "I can stop at any point and get an attorney" in response to the detective's question "You understand you're waiving your right to not talk, and you're freely speaking with me?"

¶6 Belonger later entered pleas of no contest to two counts of possession of child pornography. After finding that Belonger knowingly, voluntarily, and intelligently entered such pleas, the court adjudicated him guilty. The court imposed a sentence of three years initial confinement and ten years of extended supervision on each count, concurrent to each other, along with requiring lifetime sex offender registration.

¶7 When a suspect invokes his or her *Miranda* right to counsel, interrogation must cease. *State v. Hambly*, 307 Wis. 2d 98, ¶13. However, if the suspect initiates contact with law enforcement after invoking the right to counsel, interrogation may resume. *Id.*, ¶69. We consider whether the suspect, after invoking the right to counsel, initiated further dialogue in a way that "evinced a willingness and a desire for a generalized discussion." *Id.*, ¶89. The State had the burden to show that Belonger initiated further communication with the police. *Id.*, ¶69. We will uphold the circuit court's findings of historical fact unless they are clearly erroneous. *Id.*, ¶49.

¶8 The State met its burden to show that Belonger initiated the subsequent contact with the police. The circuit court's findings about Belonger's

4

conduct are not clearly erroneous: Belonger approached the detective to say that he wanted to speak and, during the second interview, Belonger affirmed that he wanted to speak to the detective and recant his right to counsel.

¶9 We now turn to whether Belonger voluntarily, knowingly, and intelligently waived his *Miranda* right to counsel during the second interview he initiated. *See id.*, ¶91. Whether a proper waiver occurred is a question of law we decide independently. *State v. Ward*, 2009 WI 60, ¶17, 318 Wis. 2d 301, 767 N.W.2d 236. The State has the burden to show a proper waiver of the right to counsel. *Hambly*, 307 Wis. 2d 98, ¶70.

¶10 We consider whether some conduct by the police rendered Belonger's waiver of the right to counsel involuntary. To be voluntary, a defendant's statement must be "the product of a free and unconstrained will, reflecting deliberateness of choice, as opposed to the result of a conspicuously unequal confrontation in which the pressures brought to bear on the defendant by representatives of the State exceeded the defendant's ability to resist." *State v. Hoppe*, 2003 WI 43, ¶36, 261 Wis. 2d 294, 661 N.W.2d 407. "The pertinent inquiry is whether the statements were coerced or the product of improper pressures exercised by the [interrogator,] ... a necessary prerequisite for a finding of involuntariness." *Id.*, ¶37. We consider the totality of the circumstances, balancing "the personal characteristics of the defendant against the pressures imposed upon the defendant by law enforcement officers." *Id.* ¶38.

¶11 Balancing the factors here weighs in favor of finding Belonger's statement voluntary. Belonger was thirty-four years old when the detective interviewed him. Belonger's ability to read his rights from the form and to later request an attorney demonstrate his comprehension of the English language

generally and his understanding of his rights specifically. Belonger was aware of his predicament before the detective asked him any questions. In response to Belonger's earlier question to another officer, the detective explained to Belonger that he was under arrest. He also informed Belonger that officers were executing a search warrant at his home based on images found in his email.

¶12 While Belonger knew that he had been arrested, he was not subject to physical restraint during the interrogation as another officer removed the handcuffs before the detective entered the room. The detective sat across a table from Belonger, and the two spoke in a conversational, non-threatening tone. The detective did not engage in any displays of authority like physical contact with Belonger, nor did he make any threats or promises to him.

¶13 Based on our review of the record, we conclude that the circuit court's finding that the police employed no unlawful tactics in their interactions with Belonger that caused him to waive his right to counsel and make inculpatory statements is not clearly erroneous. There is no indication in the record, and Belonger does not claim, that he did not understand the *Miranda* warnings when he received them. The State met its burden to show that Belonger voluntarily, knowingly, and intelligently waived his right to counsel.

¶14 Because Belonger initiated contact with the police and knowingly, intelligently, and voluntarily waived his Fifth Amendment right to counsel, the circuit court did not err in denying the motion to suppress his subsequent inculpatory statements. The court's suppression order is affirmed, along with the judgment of conviction.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.